UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK I. ALLMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-01906-TWP-DML |
| | ) |
| UNITED STATES OF AMERCIA, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON PENDING PRE-TRIAL MOTIONS AND OBJECTIONS**

This matter is before the Court on Defendant United States of America's ("Defendant") Motion *in Limine,* (Filing No. 95), Plaintiff Derek I. Allmon's ("Mr. Allmon") Motion *in Limine,* (Filing No. 98), Defendant's Objection to Plaintiff's Witness List, (Filing No. 106), and Defendant's oral objection to Plaintiff's Exhibit List raised during the Final Pretrial Conference held on July 29, 2020. For the following reasons, Defendant's Motion *in Limine* (Filing No. 95), and Plaintiff's Motion *in Limine* (Filing No. 98), are **granted in part and denied in part as set forth below.** Defendant's objections to Plaintiff's Witness and Exhibit Lists are **sustained**.

**I.   BACKGROUND**

Mr. Allmon, an inmate housed within the federal Bureau of Prisons ("BOP"), alleges that on August 12, 2016, while incarcerated in the Federal Correctional Institution in Terre Haute, Indiana, he was assaulted by BOP employees. On one occasion he was assaulted by both Lieutenants J.P. Parker and Darla Ramey, and on two separate, additional, occasions by Lieutenant Parker alone, resulting in various injuries. The sole issue for trial is Mr. Allmon's claim of assault and battery under the Federal Tort Claims Act against the Defendant arising from Lieutenants

Parker's and Ramey's purported actions. This case is scheduled for a bench trial to begin on August 17, 2020.

## II.  LEGAL STANDARDS

### A.  Motions in Limine

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  The court excludes evidence on a motion *in limi*ne only if the evidence clearly is not admissible for any purposes.  *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01.  Moreover, denial of a motion *in lim*ine does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded.  *Id*. at 1401.

### B.  Trial Rule 37

Failure to disclose a witness precludes a party from using that witness at trial, at a hearing, or on a motion, unless the failure was substantially justified or harmless.  *See, e.g*., Federal Rule of Civil Procedure 37(c)(1); *David v. Catepillar, Inc*., 324 F.3d 851, 856 (7th Cir. 2003).

## III.  DISCUSSION

In anticipation of trial, the parties have moved the Court to rule on motions *in limine* and various evidentiary issues.  The Court notes that because this case is now proceeding to a bench trial, many of the parties' arguments regarding potential for confusion or undue prejudice are mooted.  *See United States v. Shukri*, 207 F.3d 412, 419 (7th Cir. 2000) ("In a bench trial, we assume that the district court was not influenced by evidence improperly brought before it unless

there is evidence to the contrary."). With this principal in mind, the Court will first address the parties' motions *in limine*, before turning to the Defendant's Objections.

### A.     Motions *in Limine*

#### 1.     Defendant's Motions *in Limine*

The Defendant asks the Court to exclude evidence or argument regarding the prior conduct of or other allegations against the alleged tortfeasors or any other BOP witness ([Filing No. 96 at 2](#)). Mr. Allmon responds that he does not intend to introduce evidence of conduct by BOP employees that is unrelated to his case ([Filing No. 109 at 1](#)). However, he argues persuasively that the conduct of BOP employees is relevant and admissible to show that some BOP employees intentionally used force to harm him. The motion *in limine* regarding evidence of or reference to prior conduct, including prior convictions, of any witness other than Mr. Allmon is **granted** except to the extent that the conduct is related to Mr. Allmon's claims in this case and is probative of whether the alleged tortfeasors intended to harm Mr. Allmon.

The Defendant asks the Court to exclude testimony or argument that the alleged tortfeasors are motivated by racial prejudice. Defendant argues that Mr. Allmon's vague answers to questions during his deposition show that he lacks admissible evidence of racial motivation. Mr. Allmon seeks to introduce evidence concerning the improper motivations of Lieutenants Parker and Ramey. In particular, he seeks to offer testimony that the officers were motivated by racial prejudice, rather than by any legitimate penological purpose. Such evidence is relevant and Defendant may impeach Mr. Allmon with his prior testimony if they believe his trial testimony becomes inconsistent with his deposition testimony. The motion *in limine* to exclude all evidence of the motivations of the alleged tortfeasors is **denied**. This ruling does not prevent Defendant

from objecting to particular evidence at trial on hearsay or other grounds or from impeaching Mr. Allmon with his deposition testimony.

Defendant asks the Court to exclude declarations, affidavits, or other written statements by persons not appearing as witnesses. Mr. Allmon responds that he does not presently intend to seek the admission of declarations, affidavits, or other written statements, beyond those already disclosed on the parties' joint and individual exhibit lists; however, in the case that the COVID-19 pandemic makes a certain witness unavailable for trial, Rule 804 may permit the admission of certain statements. The Court agrees. The motion *in limine* to exclude all written statements by non-witnesses is **denied**. This ruling does not prevent Defendant from objecting to particular evidence at trial on hearsay or other grounds.

Defendant asks the Court to exclude evidence or argument regarding Mr. Allmon's dismissed claim. Mr. Allmon agrees that this evidence is inadmissible. The motion *in limine* to exclude evidence of or reference to claims previously dismissed from this action is **granted**.

Defendant asks the Court to exclude unfounded testimony or argument as to causation or the continuing effect of Mr. Allmon's alleged injuries. The motion *in limine* to exclude lay testimony regarding Mr. Allmon's medical diagnosis or the cause of particular medical conditions is **granted**. However, Mr. Allmon is permitted to testify regarding his personal knowledge of his symptoms and medical treatment he received. Fed. R. Evid. 602; 701.

### 2. Plaintiff's Motion *in Limine*

Mr. Allmon asks the Court to exclude evidence regarding his prior convictions. The Defendant responds that it seeks to introduce into evidence only the convictions that lead to Mr. Allmon's current BOP incarceration, the dates of those convictions, and the sentences he received as a result. Defendant argues this limited information is admissible to attack Mr. Allmon's

4

character for truthfulness under Rule 609(a)(1)(A). The motion *in limine* to exclude evidence of or reference to Mr. Allmon's prior disciplinary record is **granted** except for such records that relate to the incidents occurring on August 11 and August 12, 2016. However, other portions of Mr. Allmon's prior disciplinary record may become admissible to impeach his testimony if such testimony is contradicted by his disciplinary record.

Mr. Allmon asks the Court to exclude the prior convictions of his witnesses. However, the motion *in limine* fails to provide a basis for this request beyond asking the Court to exclude such evidence. Therefore, the Court is taking the motion *in limine* to exclude prior convictions of Mr. Allmon's witnesses **under advisement**. This matter can be discussed at trial.

Mr. Allmon asks the Court to exclude any evidence or testimony regarding his prison disciplinary record, arguing that such evidence of past discipline or misconduct is irrelevant, has no probative value, and could only confuse the issues in this case. The Defendant states it does not intend to introduce evidence of Mr. Allmon's entire disciplinary record. Rather, the Defendant seeks to introduce evidence and testimony only as to Mr. Allmon's disciplinary conviction for self-mutilation arising from the incident report he received on August 11, 2016, the day before the events giving rise to the present action, as well as Mr. Allmon's disciplinary conviction for assault arising from his actions on August 12, 2016, the day of the events giving rise to the present action. The Court agrees that Mr. Allmon's prior disciplinary record regarding past discipline or misconduct not related to the present action is irrelevant. *See* Fed. R. Evid. 404(b). The motion *in limine* to exclude Mr. Allmon's prison disciplinary record is **granted**, except for such records that relate to the incidents occurring on August 11 and August 12, 2016, as admitting such evidence will neither prejudice Mr. Allmon nor lead to confusion of the issue or mislead the factfinder.

Mr. Allmon asks the Court to exclude all grievances and lawsuits filed by Mr. Allmon that are unrelated to this litigation. He argues such evidence constitutes improper character evidence, is irrelevant, and is unduly prejudicial. The motion *in limine* to exclude unrelated grievances and lawsuits brought by Mr. Allmon is **granted**. However, should Mr. Allmon open the door to such evidence by testifying to prior grievances or lawsuits, Defendant will be permitted to also present related evidence.

Pursuant to Rule 408, Mr. Allmon asks the Court to exclude settlement negotiations between any and all parties. He argues the parties should be precluded from mentioning such discussions, the content of such discussions, or whether such discussions took place. The Defendant has no objections to this request. Pursuant to Fed. R. Evid. 408, the motion *in limine* to exclude evidence of or reference to settlement offers or negotiations is **granted**.

Mr. Allmon asks the Court to exclude claims and parties dismissed from this lawsuit on summary judgment on May 10, 2019. Mr. Allmon argues such evidence or testimony is irrelevant and would cause confusion. The Defendant agrees to exclude this evidence. The motion *in limine* to exclude claims and parties previously dismissed from this lawsuit **is granted.**

Mr. Allmon's motion *in limine* to appear at trial unshackled and in civilian clothing is **denied.** Because this matter is proceeding as a bench trial rather than before a jury**,** there is no potential for confusion or undue prejudice to Mr. Allmon. He will appear for trial in inmate attire and will be restrained according to the U.S. Marshal's determination.

B.     **Defendant's Objections**

   1.     **Objection to Plaintiff's Exhibit 110**

At the final pretrial conference, the Defendant raised an objection to Mr. Allmon's Exhibit 110, a medical record dated January 18, 2019 which states "Impressin: Minimal anterior wedging

of the L1 vertebral body, which may be from prior trauma.  Mild degenerative disc disease and facet arthropathy at L4-L5 and L5-S1."  The objection is **sustained** because the exhibit was disclosed less than 30 days before trial and Mr. Allmon has not shown that his failure to disclose the exhibit was justified or that admitting it at trial would not unduly prejudice Defendant.  Fed. R. Civ. P. 37(c)(1).  Mr. Allmon shall file a renumbered exhibit list excluding the "StatRad Leading Teleradiology Final Report dated January 18, 2019," **by Wednesday, August 12, 2020**.

### 2. Objection to Plaintiff's Witness List

Defendant objects to Mr. Allmon's witnesses Stephen Julian and Michael Sample because Mr. Allmon did not disclose these witnesses until the final witness list filed on July 7, 2020 ([Filing No. 99](#)).  Mr. Allmon argues that his theory of the case has evolved over time due to, in part, the change in his legal representation midway through this case. But current counsel was appointed on September 26, 2019.  Mr. Allmon has not shown that his failure to disclose these two witnesses was justified or that permitting their testimony at trial would not unduly prejudice Defendant.  Fed. R. Civ. P. 37(c)(1).  Therefore, Defendant's objection to these witnesses is **sustained**.

### IV.  CONCLUSION

For the reasons set forth above, the parties' Motions *in Limine*, ([Filing No. 95](#); [Filing No. 98](#)), are **GRANTED in part and DENIED in part**.  Regarding evidence of or reference to prior conduct, including prior convictions, of any witness other than Mr. Allmon, the motion is **granted** except to the extent that the conduct is related to Mr. Allmon's claims in this case.  Regarding evidence of the motivations of the alleged tortfeasors, the motion is **denied**. Regarding written statements by non-witnesses, the motion is **denied**.  Regarding evidence of claims previously dismissed from this action, the motion is **granted**.  Regarding lay testimony of Mr. Allmon's medical diagnosis or the cause of particular medical conditions, the motion is **granted**.  However,

Mr. Allmon is permitted to testify regarding his personal knowledge of his symptoms and medical treatment he received. Regarding evidence of Mr. Allmon's prior disciplinary record, the motion is **granted** except for such records that relate to the incidents occurring on August 11 and August 12, 2016. Regarding evidence of settlement offers or negotiations, the motion is **granted**. Regarding evidence of unrelated grievances or lawsuits brought by Mr. Allmon, the motion is **granted.** Mr. Allmon's motion *in limine* to appear at trial unshackled and in civilian clothing is **denied**. Rulings on motions *in limine* are not final appealable orders. If a party believes that evidence preliminarily deemed admissible or inadmissible should be challenged, counsel may request a hearing outside the presence of the jury for a determination on that challenge.

Defendant's objection to Plaintiff's Exhibit 110 is **sustained.** Defendant's Objection to Plaintiff's Exhibit List (Filing No. 106) is **sustained.**

    **SO ORDERED**.

Date: 7/31/2020

*(signature)*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Derek I. Allmon, #12579-076
Springfield Medical Center/Federal Prisoners
Inmate Mail/Parcels
P.O. Box 4000
Springfield, Missouri 65801

Darren Andrew Craig
FROST BROWN TODD LLC (Indianapolis)
dcraig@fbtlaw.com

Carly Jolene Tebelman
FROST BROWN TODD
ctebelman@fbtlaw.com

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov